UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| C&M GIANT TIRE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Case No. |
| | ) | 5:13-cv-162-JMH |
| TRIPLE S TIRE CO., LLC, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

\*\*\*

This matter is before the Court on Plaintiff's Motion for Summary Judgment [DE 11] and Defendant's Motion to Amend the Answer to the Complaint [DE 18]. These matters have been fully briefed by the parties [DE 17, 20, 21, 22] and are now ripe for this Court's consideration.

This litigation is premised on the demand of Plaintiff C&M Giant Tire, LLC (C&M) for full payment for thirty-two (32) 3300 Goodyear RM4A tires, at a cost of $854,900.00, based on language in the invoice for the tires that payment is due within thirty days. Defendant Triple S Tire Company, Inc. (Triple S), however, argues that the parties had agreed that payment was not due until Triple S was paid by the purchaser of the tires, V&V Otre Tyre Worldwide (V&V). V&V has not paid for or returned the tires it purchased from Triple S and has already transferred

ownership of the tires to another entity. Triple S has filed a lawsuit against V&V in Texas.

**1. Motion to Amend Answer to Complaint**

Defendant Triple S asks leave of this Court to amend its Answer [DE 6] to add the affirmative defense and counterclaim of fraudulent inducement under Fed. R. Civ. P. 15(a)(2). Plaintiff C&M argues that the counterclaim for fraudulent inducement would not survive a Fed. R. Civ. P. 12(b)(6) motion for dismissal because it does not meet the pleading requirements and fails to state a claim. Thus, the addition of the counterclaim would be futile.

**A. Defendant's Counterclaim pleads fraud with sufficient particularity.**

In its Amended Answer, Triple S alleges a counterclaim against C&M for fraudulently inducing it to enter into the agreement to purchase the tires. Triple S alleges that in January, 2013, Doug Chambers, an agent for C&M, spoke on the telephone with an agent of Triple S and agreed that payment would not be due on the tires at issue until Triple S was paid by its buyer. [DE 18-1 at 17]. At the time that Chambers made this statement on behalf of C&M, C&M allegedly had no present intention to fulfill the obligation. [DE 18-1 at 18]. Triple S's Counterclaim adequately sets forth the "time, place, and content of the alleged misrepresentation on which he or she

2

relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Cmty Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003).

C&M argues that fraudulent intent in the Counterclaim is not sufficiently alleged to meet the heightened pleading standard under Fed. R. Civ. P. 9(b). Fraudulent intent, however, may be "alleged generally." Fed. R. Civ. P. 9(b). "The plaintiff may make allegations of fraud based upon information and belief, but such complaints 'must set forth a factual basis for such belief.'" *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). "At a minimum, Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud." *Id*. Triple S has sufficiently set forth who made the alleged fraudulent statement, and what was said, as well as the when, where, and how. There is a sufficient factual basis contained in the counterclaim to give notice under Rule 8 and to meet the heightened Rule 9(b) requirements.

**B. The fraudulent inducement counterclaim is not futile.**

C&M next argues that Triple S's Motion to Amend should be denied as futile because the claim is not plausible on its face. *Sinay v. Lamson & Sessions Co.*, 948 F.3d 1037, 1041 (6th Cir.

3

1991) ("[A]mendment may not be allowed if the complaint as amended could not withstand a Fed. R. Civ. P. 12(b)(6) motion."). As required in a 12(b)(6) motion, this Court takes all well-pleaded factual allegations of the complaint as true and construes all allegations in a light most favorable to the plaintiff. *Johnson v. Trott & Trott, P.C.*, 829 F.Supp.2d 564, 567 (W.D. Mich. 2011).

A plaintiff seeking to prevail on a claim of fraud under Kentucky law must establish (1) that the declarant made a material misrepresentation to the plaintiff, (2) that this misrepresentation was false, (3) that the declarant knew it was false or made it recklessly, (4) that the declarant induced the plaintiff to act upon the misrepresentation, (5) that the plaintiff relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff. *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009) (citation omitted). C&M argues that the proposed amended claim, even if all allegations are accepted as true, is not plausible on its face because Triple S's reliance on the alleged fraudulent statement would not have been reasonable. *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009) ("reliance, of course, must be reasonable, or, . . . justifiable.")(citations omitted).

Triple S alleges that C&M's agent, Doug Chambers, represented to Triple S in early January 2013 that no payment would be due from Triple S until V&V paid for the tires. [DE 18-1]. Triple S alleges that C&M had no present intent of actually performing on that promise. [DE 18-1]. Instead, C&M intended to hold Triple S to different terms than they agreed upon during the conversation, as alleged by Triple S. [DE 18-1]. Triple S also alleges that it acted in reliance on C&M's statement by both entering into the transaction with C&M and entering into a transaction with its buyer, V&V. [DE 18-1]. Because the parties had conducted business in the past, Triple S argues that it had no reason not to rely on C&M's agreement that payment would be due upon payment from V&V. [DE 18-1]. Triple S argues that it would not have agreed to purchase the tires if the 30 day term for payment was known.

Triple S's reliance was unreasonable, C&M argues, because the invoices that Triple S received for the transaction specifically included the term "net 30 days" rather than any language or term suggesting that C&M would accept the "pay when paid" term allegedly discussed in January. C&M argues, relying on *Rivermont*, that reliance on an oral representation is unreasonable as a matter of law when the alleged representation is contradicted by a term in the parties' written contract. *Rivermont Inn v. Bass Hotels & Resorts*, 113 S.W.3d 636, 640—41

5

(Ky.Ct.App. 2003) ("A party cannot reasonably rely on oral statements when it has acknowledged in writing several times that oral statements are not binding and may not be relied upon."). Pivotal to the *Rivermont* holding, however, was the fact that it is not reasonable for a party to rely on an oral statement when that party has "earlier specifically acknowledged in writing" that oral statements may not be relied upon. *Id.* at 642; *see also Crawford v. Cent. State, Se. and Sw. Areas Health and Welfare and Pension Funds*, No. 5:06cv23-R, 2007 WL 1100741 (W.D.Ky. April 11, 2007) ("the language of [*Rivermont*] states that the party who claims to rely on oral statements cannot be said to have reasonably done so when it, as in the party, acknowledges in writing that oral statements are not binding and may not be relied upon."). There is no allegation that Triple S had acknowledged that oral statements were not binding prior to Triple S's reliance on the alleged oral agreement or that C&M had made any assertions to that effect, thus, *Rivermont* is distinguishable. Accordingly, the Court finds that Triple S has pled a plausible fraud claim on the face of the counterclaim and the motion to amend shall be granted.

2. **Motion for Summary Judgment**

C&M argues that the only admissible evidence available to the Court requires that summary judgment be entered in its favor. Essentially, C&M argues that the invoice, which contains

6

a "Net 30 days" payment term, is the only written agreement between the parties that is admissible before the Court. Even assuming that C&M previously agreed to the "pay when paid" term, C&M argues, the written agreement controls the outcome of this matter. KRS 355.2-202. Discovery, C&M contends, would be futile in this case because it will not reveal additional admissible evidence on the pertinent legal issues.

Triple S contends that summary judgment prior to any discovery taking place would be improper. Moreover, Triple S argues that KRS 355.2-202 would not bar additional evidence because the invoice was not the final expression of their agreement and because Triple S objected to the payment term contained within the invoice. Additionally, Triple S argues that because it has alleged fraudulent inducement the parol evidence rule does not bar evidence of oral representations made by C&M. *Radioshack Corp. v. ComSmart, Inc.* 222 S.W.3d 256 (Ky.Ct.App. 2007). Evidence of the alleged oral agreement creates a material question of fact, Triple S argues, which prevents summary judgment in favor of C&M at this stage of the litigation. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.")

7

The Court finds that summary judgment would be premature without discovery in this matter. Counsel for Triple S has filed an affidavit pursuant to Fed. R. Civ. P. 56(d), setting forth specific areas of discovery needed to oppose the motion for summary judgment. [DE 17-2] "Summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002) (citing *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996)). As Triple S has made a proper and timely showing of a need for discovery, "the district court's entry of summary judgment without permitting [it] to conduct any discovery at all [would] constitute an abuse of discretion." *Abercrombie,* 280 F.3d at 627 (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231—32 (6th Cir. 1994)).

While C&M counters that the Court may "limit" discovery when "claims may be dismissed based on legal determinations that could not have been altered by any further discovery," C&M is effectively requesting that this Court deny discovery entirely. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citation omitted). The addition of the counterclaim and the affidavit presented by Triple S demonstrates that the legal determinations before the Court could be altered by additional discovery. Moreover, the Court

can find little support for denying discovery where the non-moving party presented a timely, relevant request for discovery to oppose a summary judgment motion, particularly when the non-moving party has not yet had the opportunity to conduct any discovery. Triple S has timely and properly requested discovery on relevant matters which may lead to admissible evidence. Accordingly, discovery is necessary and will be permitted.

Having determined that discovery is necessary in this matter, this Court's consideration of the parties' additional substantive arguments and evidentiary issues would be premature at this time.

Accordingly, **IT IS ORDERED** that:

**(1)** Defendant's Motion to Amend/Correct its Answer [DE 18] is **GRANTED**. The Clerk is directed to file the tendered Amended Answer and Counterclaim [DE 18-1] in the record;

**(2)** Plaintiff's Motion for Summary Judgment [DE 11] is **DENIED** for the reasons set forth above; and

**(3)** the parties are directed to **FILE** as supplemental joint report of Rule 26(f) planning meeting setting forth new deadlines on or before **December 11, 2013.**

This the 25th day of November, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge